**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Derek Tyrone Anderson,

Plaintiff

v.

Cognizant Technology Solutions
U.S. Corporation,

Defendant.
____________________________/

**Dispositive Motion**

Case No.: 8:24-cv-00045-MSS-NHA

## DEFENDANT'S MOTION TO DISMISS

Defendant Cognizant Technology Solutions U.S. Corporation ("Cognizant"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff Derek Anderson's Second Amended Complaint (Doc. 26) with prejudice because Plaintiff has not and cannot state a claim against Cognizant. This Court has already dismissed Plaintiff's claim twice and nothing in this revised pleading cures the legal deficiencies inherent in his claims. The Court should dismiss Plaintiff's claim with prejudice.

## BACKGROUND

Cognizant previously provided content moderation services for Facebook. (Doc. 26 ¶ 11.) Cognizant employed individuals as content moderators to review material posted on Facebook to determine whether it violated Facebook's terms of use. (*Id.*) Plaintiff worked at Cognizant as a content moderator for at least approximately two years. (*Id.* ¶¶ 52, 62.) Plaintiff alleges the job involved reviewing

graphic content and that his review of graphic content caused him to develop psychological injuries. (*Id.* ¶ 89.)

This case began as a putative class action for fraud against Cognizant. (*See Aguilo*, Doc. 71 3–4.)[1] After the Court dismissed that lawsuit without prejudice, 131 plaintiffs brought a second lawsuit against Cognizant on the same theories of fraud. (*Id.* at 4–5.) Anderson was a named Plaintiff in that second lawsuit. (*Aguilo*, Doc. 1-3.) The Court dismissed the claims again because the plaintiffs failed to plead their fraud claims with particularity and failed to allege a duty to disclose. (*Aguilo*, Doc. 29.)

The plaintiffs then filed an amended complaint, alleging that Cognizant failed to disclose the dangers of content moderation (fraudulent concealment) and that Cognizant made false representations about the type of content they would be reviewing (fraudulent misrepresentation). (*Aguilo*, Doc. 71 5–7.) Again, the Court dismissed all claims. (*Id.* at 33.) The Court dismissed the fraudulent concealment claim with prejudice because the plaintiffs still failed to allege fraud with particularity and failed to allege a duty to disclose. (*Id.* at 13–21.) The Court also dismissed the fraudulent misrepresentation count, holding that the claim failed as a matter of law because the plaintiffs admitted they continued to work at Cognizant even after discovering they would be required to review graphic content. (*Id.* at 22–29.)

[1] Filings from Plaintiff's prior lawsuit, *Aguilo et al. v. Cognizant Tech. Sols. U.S. Corp.*, Case No. 8:21-cv-002054 (M.D. Fla. 2021), are cited herein as "(*Aguilo*, Doc. ___.)"

Because not all of the plaintiffs specified exactly when they discovered the purported fraud, the Court dismissed the fraudulent misrepresentation claim without prejudice "to allow Plaintiffs the opportunity to reallege . . . the date when they discovered the purported fraud and the damages they claim to have suffered." (*Id.* at 29.) Because the plaintiffs still failed to comply with Rule 9(b) and because the Court found the consolidation of over 150 individual plaintiffs' fraud claims in one lawsuit was improper, the Court ordered that any plaintiff choosing to file an amended claim consistent with the Court's instructions must file an individual lawsuit. (*Id.* at 10–11, 29, 33.)

In accordance with that order, Plaintiff filed this lawsuit, re-alleging his fraudulent misrepresentation claim. (Doc. 1.) After Cognizant filed a motion to dismiss (Doc. 22), Plaintiff filed an Amended Complaint (Doc. 24) that revised and added certain allegations and added two counts for fraudulent concealment, even though the Court had dismissed those claims with prejudice. Thereafter, with Cognizant's consent, Plaintiff filed his Second Amended Complaint (Doc. 26) to remove the fraudulent concealment counts.

The allegations in the Second Amended Complaint still show that Plaintiff continued to perform content moderation at Cognizant for at least approximately two years after learning the job involved reviewing the purportedly objectionable and harmful graphic content. (*Id.* ¶¶ 52, 62.)

Plaintiff does not allege when or how he learned about the content moderator position at Cognizant. He alleges he attended an interview conducted

by a "white male employee" in "July or August of 2017" at Cognizant's offices in Tampa. (*Id.* ¶ 52.) Plaintiff alleges the interviewer told him the position involved "removing stuff from the internet," including "'inappropriate' content." (*Id.* ¶ 53.) Plaintiff alleges the interviewer showed him a video containing "images and short clips of fights or car accidents," but not any "extremely graphic videos or images" and that the interviewer told him he would "not likely see a graphic image of the kind displayed in the video more than once a day." (*Id.*)

According to Plaintiff, the interviewer also told him he would receive "all the support he needed" and that Cognizant would provide an onsite therapist he could meet with "whenever he needed." (*Id.* ¶ 54.) At an unidentified time, Plaintiff alleges a trainer called "Fab" told him he would "always" have access to a therapist and that he would be allowed recovery and wellness time if he viewed "intense content." (*Id.*) Plaintiff also alleges that, at some point, he was shown a "slide deck" that "downplayed the risks of the 'process executive' or content moderator position." (*Id.* ¶ 56.) Finally, Plaintiff alleges no one warned him of the psychological risks of the position. (*Id.* ¶ 55.)

Plaintiff does not allege any specifics regarding when he started reviewing graphic content, other than to allege he reviewed that content "constant[ly]." (*Id.* ¶ 89.) He also does not allege when he started suffering negative effects from the content. Plaintiff only alleges that "[o]n or around October 17, 2019," he experienced a "mental breakdown" after reviewing a graphic video and "tried to see the therapist," who was "not present that day." (*Id.* ¶ 62.) He alleges he was

placed on medical leave "[s]hortly thereafter" and "did not return to work," without revealing how "short" the time period was between his mental breakdown and medical leave. (*Id.* ¶ 63.)

Plaintiff alleges that, "[a]s a result of constant and unmitigated exposure to highly toxic and extremely disturbing images . . . Plaintiff developed and suffers from significant psychological trauma," including PTSD and "associated physical injuries." (*Id.* ¶ 89.)

**INTRODUCTION**

In this lawsuit, Plaintiff adds only limited allegations attempting to show that Cognizant made affirmative misrepresentations about the job, none of which include the specific details the Court explicitly instructed Plaintiff to provide. These new allegations fail for the same reasons the Court already recognized. Plaintiff has not and cannot plead reliance because Plaintiff continued to work at Cognizant after learning that the job actually involved reviewing graphic content. Plaintiff's continued employment at Cognizant with knowledge of the purported fraud also constitutes ratification. Finally, despite multiple attempts, Plaintiff still fails to plead fraud with the particularity Rule 9(b) requires.

Plaintiff's attempts to manufacture a claim against Cognizant by forcing the alleged facts into the formula for fraud does not work. Plaintiff has tried and failed now three times to state a valid claim for fraud. Plaintiff cannot salvage his claims through yet another amendment, and the Court should dismiss his Complaint with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A heightened pleading standard under Federal Rule of Civil Procedure 9(b) applies to fraud claims. Rule 9(b) requires Plaintiffs to "state with particularity the circumstances constituting fraud or mistake." To satisfy this heightened pleading standard, Plaintiff must allege "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *In re Galectin Therapeutics, Inc. Secs. Litig.*, 843 F.3d 1257, 1269 (11th Cir. 2016). In other words, Plaintiff must "plead the who, what, when, where, and how" of the allegedly fraudulent statements. *Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1342 (S.D. Fla. 2013).

And to adequately allege fraudulent misrepresentation, Plaintiff must allege that (1) Cognizant made a false statement concerning material facts; (2) Cognizant had knowledge that the representations were false; (3) Cognizant intended that the

representations would induce Plaintiff to act on them; and (4) consequent injury suffered by Plaintiff acting in reliance on the representations. *See Myers v. Provident Life and Accident Ins. Co.*, 564 F. Supp. 3d 1157, 1182 (M.D. Fla. 2021).

**ARGUMENT**

Plaintiff's claim must be dismissed because the claim fails as a matter of law. Plaintiff can never prove reliance because he continued to work at Cognizant for years after learning the job required him to review graphic content. That decision also constitutes a ratification and precludes Plaintiff's claim as a matter of law. Plaintiff also still fails to plead his claim with sufficient particularity under Rule 9(b), now for the third time. Plaintiff cannot state a claim for fraud, and his claim must be dismissed with prejudice.

**I. Plaintiff has not and cannot allege reliance.**

Plaintiff's claim still suffers from the same fatal flaw recognized by the Court in the prior dismissal order (*Aguilo*, Doc. 71 at 25–29) — Plaintiff learned the truth about what he would be viewing and chose to continue working at Cognizant reviewing that graphic content anyway. This bars his claims as a matter of law.

Florida law is clear that "[t]he recipient of a fraudulent misrepresentation is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him." *Vidal v. Liquidation Props., Inc.,* 104 So. 3d 1274, 1278 (Fla. 4th DCA 2013) (citing *M/I Schottenstien Homes, Inc. v. Azam*, 813 So. 2d 91, 93 (Fla. 2002)). And where a plaintiff "discover[s] the 'truth'" before incurring damages, that "fact makes it ***impossible*** for [the p]laintiff to establish the necessary causal

connection between the allegedly false [statement] and [the] injuries." *Martino v. City Furniture, Inc.*, 2006 WL 8431423, at *5 (S.D. Fla. Jun. 29, 2006) (emphasis added); *accord Carrousel Intern. Corp. v. Auction Co. of Am., Inc.*, 674 So. 2d 162, 162–63 (Fla. 3d DCA 1996) (entering directed verdict where "the record shows that the plaintiff knew about the false representation before it incurred any expenses in reliance upon that misrepresentation").

Under this legal standard, Plaintiff's claim is barred. Although Plaintiff alleges generally that he would not have accepted the job if he knew he would have to review graphic content, that general and hypothetical allegation is contradicted by the fact that Plaintiff chose not to leave Cognizant when he was required to review graphic content, in his words "constant[ly]." (Doc. 26 ¶ 89.) Instead, he chose to stay and ultimately worked at Cognizant for at least approximately two years and even after suffering what he describes as a "mental breakdown." (*Id.* ¶¶ 52, 62.) As the Court has already recognized, this bars Plaintiff's claims. (*See Aguilo*, Doc. 71 25–29); *See Myers*, 564 F. Supp. 3d at 1186 (dismissing fraud claim where plaintiff had knowledge of fraud).

The Court provided Plaintiff with an opportunity to attempt to correct this deficiency by allowing him the "opportunity to reallege . . . the date when [he] discovered the purported fraud and the damages [he] claim[s] to have suffered." (*Aguilo*, Doc. 71 29.) Plaintiff chose not to take advantage of this opportunity and did not include those dates or any other detail that would alter the Court's prior ruling.

Undoubtedly, Plaintiff's failure to follow the Court's instruction is tied to his inability to allege facts that would salvage his claim. Plaintiff alleges repeatedly throughout the Complaint that it was the "**long-term** unmitigated exposure" to graphic content that renders content moderation dangerous and caused his harm. (Doc. 26 ¶¶ 16, 17, 24–25, 36, 89) (emphasis added). Plaintiff has not and could not ever allege that he was harmed *before* he learned he would be reviewing graphic content because Plaintiff cannot allege he was unaware he would be reviewing graphic content *while he was reviewing it* repeatedly and over a long period of time. Since reviewing any content more severe than what Cognizant purportedly described or showed to Plaintiff necessarily revealed the fraud, and it was his review of that severe content "constantly" for a long period of time that caused his harm, Plaintiff can **never** claim he suffered harm before learning of the fraud. The claim is factually impossible.

In addition, Plaintiff's general allegations of reliance are insufficient to state a claim. *See Justice v. Rheem Manufacturing Co.*, 2014 WL 12845414, at *8 (S.D. Fla. Aug. 22, 2014) (alleging reliance requires "facts" showing reliance). Plaintiff does not allege any facts supporting his conclusory allegations of reliance, let alone facts that are appropriately tied to the allegations regarding what he was specifically told. Instead, Plaintiff merely repeats, almost word for word, his prior general and vague allegations of reliance under Count I. (Doc. 26 ¶¶ 83–84.) These allegations also cannot be credited given that Plaintiff's more specific factual

allegations show that Plaintiff *did in fact* continue to work at Cognizant knowing that the job involved reviewing graphic content.[2]

Plaintiff does allege he would not have accepted the job at Cognizant if Cognizant had "properly notified Plaintiff of the dangers associated with content moderation," but this allegation has nothing to do with any *misrepresentation* made by Cognizant, which is the relevant claim. (Doc. 26 ¶ 28.) This Court has already held that Cognizant had *no duty* to disclose any purported dangers to Plaintiff and dismissed *with prejudice* his claim based on fraudulent concealment.

Similarly, Plaintiff alleges he did not have a "mental breakdown" until 2019 and that he left "shortly thereafter." (*Id.* ¶¶ 62–63).[3] But Florida law precludes reliance where the plaintiff is aware of the falsity of the misrepresentation. There is no requirement that the plaintiff also be aware that he suffered damages. This allegation cannot salvage a misrepresentation claim based on the nature of the content to be viewed.

Plaintiff must allege reliance on a *misrepresentation* in order to state a valid claim. He has not done so and cannot do so as a matter of law, and his claim must be dismissed.

---

[2] Plaintiff also does not allege any facts to show he relied on Cognizant's promises of counseling or "wellness time." And Plaintiff similarly would have been aware of the lack of any counselors and Cognizant's policies on wellness time once he started the job, but he again chose to continue to work at Cognizant, which renders his general allegations of reliance insufficient to support a claim.

[3] Notably, Plaintiff does not specifically allege when he *first* started suffering negative impacts from the content, nor does he allege how "shortly" after his mental breakdown he "did not return to work." (*Id.* ¶¶ 62–65.)

## II. Plaintiff ratified the fraud.

The separate doctrines of ratification and promptness also bar Plaintiff's claim. According to the Florida Supreme Court, when a party learns of a fraud, "he must reject it entirely if he desires to obtain relief" and remedial rights must be asserted without delay. *Ball v. Ball*, 36 So. 2d 172, 177 (Fla. 1948). As one Florida court summarized, "[i]f a party knows of a fraud, does not reject it, and takes any material act inconsistent with an intent to avoid it or delays in asserting any remedial rights, then that party ratifies the fraud." *Zurstrassen v. Stonier*, 786 So. 2d 65, 71 (Fla. 4th DCA 2001).

Plaintiff's allegations show that Plaintiff affirmatively chose to continue to work at Cognizant, ***even after*** he knew that all of the statements Cognizant had purportedly made about the content he would be viewing were false. At the very least, those facts were patently obvious to Plaintiff once he began reviewing content.

Rather than reject Cognizant's purported fraud, Plaintiff continued to work there. These acts are inconsistent with an intent to avoid the purported fraud. Plaintiff ratified the fraud as a matter of Florida law, which precludes Plaintiff's fraud claim. *See Zurstrassen*, 786 So. 2d at 71.

## III. Plaintiff has still failed to comply with Rule 9(b).

The Second Amended Complaint makes no meaningful changes to Plaintiff's allegations in the Complaint, and is in many respects nearly identical to the prior complaints filed in the mass action lawsuit, including the most recently dismissed

complaint. Plaintiff has cut the allegations specific to other plaintiffs and some (but not all) of the legal argument and allegations regarding the duty issue related to his dismissed concealment claim, made some minor updates, including changing "Plaintiffs" to "Plaintiff," and added some limited substantive allegations. (*See e.g.*, Doc. 26 ¶¶ 13, 28, 49–56, 62–64.)

With only minimal new detail, Plaintiff still fails to "plead the who, what, when, where, and how" of the allegedly fraudulent statements with the requisite particularity, despite this being Plaintiff's third attempt to properly plead this claim.[4] For this reason, Plaintiffs' Complaint must be dismissed, and it should be dismissed with prejudice.

1. Plaintiff fails to allege the "who."

Although Plaintiff identifies one individual by her apparent first name, he still alleges that many misrepresentations were made by "Cognizant operational leadership," a "white male" Cognizant employee, or by "Cognizant." (Doc. 26, ¶¶ 13, 49–56.) For the reasons stated in the Court's prior order, and as a matter of Florida law, this is insufficient to satisfy Rule 9(b). *See* (*Aguilo*, Doc. 71 14–15); *Milazzo v. First Liberty Ins. Corp.*, 2022 WL 2159371, at *3 (M.D. Fla. June 15, 2022); *Fogle v. IBM Corp.*, 2020 WL 1873567, at *5 (M.D. Fla. Apr. 15, 2020).

[4] This Motion does not address allegations that Plaintiff repeated from the prior version of the Complaint since the Court already held those allegations failed under Rule 9(b).

2. Plaintiff fails to allege the when and/or where.

While Plaintiff provides a two-month range for a few allegations, Plaintiff provides no time frame for several purported misrepresentations or alleges only that the representations were made "[d]uring the onboarding process" (Doc. 26, ¶¶ 49–51, 56), which is an allegation this Court has already explicitly rejected. (*Aguilo*, Doc. 71 15–16.) Plaintiff has failed to allege these purported misrepresentations with the required particularity.

3. Plaintiff fails to allege the what/how.

Plaintiff has also failed to adequately explain the "what" and "how" for many of the purported misrepresentations.

For example, Plaintiff alleges that during his initial interview, the unnamed interviewer explained to him that the position was a "form of customer service in which he would be removing stuff from the internet," including "'inappropriate' content." (Doc. 26 ¶ 53.) But Plaintiff fails to explain how any of these statements are false.

Plaintiff further alleges that the interviewer showed him images and videos of fights or car accidents. (*Id.*) Again, Plaintiff fails to allege how these images were false. While Plaintiff alleges generally that these images were not as "severe" as what he later saw, Cognizant was under no obligation to show Plaintiff the most severe content that he might ever see. It is not clear how Cognizant could even do so, since it had no control over what would be posted on Facebook in the future and because what content is the most "severe" is inherently subjective. Notably,

Plaintiff does not identify any statements with particularity that were made alongside these images that would render them false.

Next, Plaintiff claims the interviewer told him he would not see a "graphic image of the kind displayed in the video more than once a day." (*Id.*) As an initial matter, this is a non-actionable promise and not a statement of "past or existing fact." *Treminio v. Crowly Mar. Corp.*, 649 F. Supp. 3d 1223, 1239 (M.D. Fla. 2023). Nor does Plaintiff allege how often he saw the types of images in the video to show that this statement was false.

Plaintiff alleges that Cognizant made vague promises regarding support and counseling, including that he would have "all the support he needed," that he would be provided with an on-site therapist "whenever he needed," and that he would be allowed wellness time "as needed." (Doc. 26 ¶ 54.) But these statements cannot support a fraud claim because they are all forward-looking promises, which are not actionable under Florida law. *See Treminio*, 649 F. Supp. 3d at 1239.

And even if they did relate to present facts, the statements are vague and at best constitute non-specific puffery as opposed to empirical facts. Statements that are "not the type of 'empirically verifiable statement that can be affirmatively disproven,'" cannot support a fraud claim as a matter of Florida law and cannot "survive a motion to dismiss." *S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, 2007 WL 9701121, at *4–5 (S.D. Fla. Mar. 11, 2007).

Taken literally, the purported promises to provide Plaintiff with counseling and wellness time "whenever [Plaintiff] needed" it and "as needed," mean that

Plaintiff could utilize counseling all day every day if that was his "need." In fact, he need not perform any work at all and could instead spend his entire days on wellness time or in counseling. Plaintiff does not and cannot seriously contend that "whenever" or "as needed" was intended to be taken literally in this manner. So what does "whenever" or "as needed" mean? The need to ask this question reveals that these are not the type of *specific* empirical statements of fact that can support a fraud claim under Florida law.

Plaintiff also fails to allege these statements were false. While Plaintiff alleges the counselors were inadequate, he admits Cognizant had counselors on staff, and only alleges that they were unavailable to him on *one day*. (Doc. 26 ¶¶ 62–65.) Plaintiff also never alleges he "needed" more wellness time, notified Cognizant of that need, and that Cognizant refused to provide additional time.[5]

Plaintiff also alleges that Cognizant failed to disclose psychological risks associated with the job, but this Court has already held that Cognizant had no duty to disclose that information. (*Aguilo*, Doc. 71 16–21.)

Finally, Plaintiff alleges a series of vague and entirely unspecific allegations, such as that Cognizant "downplayed the risks," "misrepresented . . . the extreme nature" of the content, and "downplayed the risk" of the job. (Doc. 26, ¶¶ 13, 49, 55–56.) But Plaintiff fails to allege any of the Rule 9(b) specifics for these allegations, including *how* Cognizant downplayed, minimized, or misrepresented

[5] The Second Amended Complaint includes general allegations regarding counseling and wellness time copied from the prior class action and mass action complaints that discuss these issues generally, with little to no specifics regarding Plaintiff's actual experience. (Doc. 26 ¶¶ 61, 65–73.)

those things. For example, Plaintiff alleges that he was shown a "slide deck" that "downplayed the risks," but provides no information about what was in the slide deck or how it downplayed the risks (or even what risks were downplayed). (*Id.* ¶ 56.)

## CONCLUSION

Despite being provided another opportunity to allege a valid fraud claim, and despite receiving express direction from the Court as to the specific facts he must allege in order to do so, Plaintiff still fails to state a valid claim. Florida law simply does not recognize a claim against an employer for psychological harm caused by the inherent nature of a particular type of work. Employees in numerous industries are required to deal with difficult content and experiences on a daily basis, including social workers, law enforcement, EMTs, doctors, nurses, veterinarians, funeral home employees, etc. Often, these workers hold important jobs that help and protect others. Content moderation shields the public from exposure to graphic content. Plaintiff agreed to view that content so the public did not have to. Even if this caused Plaintiff harm, he simply does not have a claim against Cognizant.

The Court should dismiss Plaintiff's Complaint with prejudice. *See Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x. 925, 930 (11th Cir. 2016) ("We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to

cure a deficient pleading after having been offered ample opportunity to do so"); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding leave to amend is not required when amendment would be futile).

Dated: May 3, 2024

Respectfully submitted,

*/s/ Tori C. Simmons*

Dennis P. Waggoner (FBN 509426)
dennis.waggoner@hwhlaw.com
julie.mcdaniel@hwhlaw.com
Tori C. Simmons (FBN 107081)
tori.simmons@hwhlaw.com
tricia.elam@hwhlaw.com
Fred C. Marshall, II (FBN 119284)
kip.marshall@hwhlaw.com
val.taylor@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 E Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Telephone: 813-221-3900
Facsimile: 813-221-2900
*Attorneys for Defendant Cognizant Technology Solutions U.S. Corporation*