**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEREK TYRONE ANDERSON,

Plaintiff, Case No.: 8:24-cv-00045-MSS-NHA

v.

COGNIZANT TECHNOLOGY
SOLUTIONS U.S.
CORPORATION,

Defendant.
_______________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, DEREK TYRONE ANDERSON (hereinafter "Mr. Anderson" or "Plaintiff"), by and through the undersigned counsel, hereby files this Response in Opposition to Defendant's, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION (hereinafter "COGNIZANT" or "Defendant"), Motion to Dismiss and alleges:

## PROCEDURAL BACKGROUND

1. On January 4, 2024, Plaintiff filed his Complaint against Cognizant for fraudulent misrepresentation. (DE 1).

2. On March 4, 2024, Cognizant filed a Motion to Dismiss Plaintiff's Complaint. (DE 22).

3. On March 25, 2024, Plaintiff filed his Amended Complaint against Cognizant for Fraudulent Misrepresentation, Fraudulent Concealment, and Deliberate Concealment of a Known Danger. (DE 24).

4. On April 3, 2024, Plaintiff filed his Second Amended Complaint against Cognizant for Fraudulent Misrepresentation, removing the counts for Fraudulent Concealment and Deliberate Concealment of a Known Danger because they had been dismissed with Prejudice in the *Aguilo* Case.[1] Plaintiff did not make any other substantive changes beyond removing these counts. (DE 26).

5. On May 8, 2024, Cognizant filed its Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") claiming: 1) that Plaintiff failed to state a claim for fraudulent misrepresentation; 2) that Plaintiff ratified the fraud when he continued to work with Cognizant after he discovered the fraud, and 3) that Plaintiff failed to plead his claim with sufficient particularity as required by Federal Rules of Civil Procedure 9(b). (DE 29).

[1] Plaintiff's prior lawsuit was *Aguila et al. v. Cognizant Tech. Sols. U.S. Corp.*, Case No. 8:21-cv-002054 (M.D. Fla 2021).

## MEMORANDUM OF LAW

Plaintiff's Second Amended Complaint alleges sufficient facts to establish a claim for fraudulent misrepresentation as he specifically describes the circumstances under which Cognizant made the fraudulent misrepresentation including who made the statements, when and where they made the statements, what the statements entailed, and how the statement caused him to take a job—and stay in a job—with Cognizant that caused him to suffer psychological harm.

Additionally, Plaintiff establishes in his allegations that Cognizant's employees downplayed the risks of content moderation and did not tell him the work was dangerous. For this reason, he did not know that the work of content moderation would cause him to suffer psychological harm until he suffered a mental breakdown at work on October 17, 2019, effectively ending his work as a content moderator for Cognizant. The allegations show he relied on Cognizant's false misrepresentation and did not learn that they were false until he suffered the psychological event which resulted in his permanent injury. For these reasons he establishes reliance on Defendant's false misrepresentations, defeats any defense of ratification, and satisfies the Rule 9(b) requirement that his claim be plead with particularity.

## PLEADING STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may survive a motion to dismiss for failure to state a claim even if it is "improbable" that a plaintiff would be able to prove those facts. *Id*. In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989 (11th Cir. 1983).

## I. Plaintiff adequately pleads reliance as an element of fraudulent misrepresentation because the allegations show he relied on Cognizant's misrepresentations about the work including the assurance that the work was not dangerous and that mental health support would be provided

Plaintiff's allegations are sufficient to establish that Cognizant, through its employees, misrepresented the risk of psychological harm posed by content moderation and that Cognizant's assurances caused him to stay in the position until he suffered a mental breakdown. Though it may have been obvious that the videos he watched while working for Cognizant were more severe and occurred more frequently than Cognizant had originally told him during his interview and onboarding, his allegations show he relied on Cognizant's representation that he would have a safe working environment with safety measures in place to protect him from psychological harm. Moreover, his allegations show he continued to believe these false statements until he suffered a mental breakdown on October 17, 2019, at

which point he stopped working for Cognizant. (DE 26, ¶ 62). These allegations of a causal connection between the false misrepresentations Cognizant made at the outset of Plaintiff's employment and his willingness to continue working for Cognizant establish that Plaintiff relied on Cognizant's fraudulent misrepresentations to his detriment.

To state a claim for fraudulent misrepresentation a plaintiff must allege: (1) false statement of a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010). There is no obligation that the party acting in reliance on the false misrepresentation investigate the claim. *Id.* Under the Florida Supreme Court's standard, "a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him." *Id.*

Plaintiff alleges in his complaint that "Cognizant misrepresented the risk of psychological harm that it knew content moderation of this nature posed to Plaintiff and other applicants." (DE 26, ¶13). Plaintiff alleges that the Cognizant employee that interviewed him "downplayed the risk [of the content moderator position] and did not mention that there was a high risk of acquiring post-traumatic stress disorder

and other psychological conditions from this type of work." (DE 26, ¶55). Plaintiff states that "[t]he interviewer told Plaintiff that he would have all the support he needed to deal with what he saw and would be provided an onsite therapist to meet with whenever he needed." (DE 26, ¶54). He also told him he would be allowed recovery time or wellness time as needed if he viewed intense content. (DE 26, ¶54). Plaintiff alleges that, during his onboarding process, another Cognizant employee named Fab (black female) had reiterated that employees would always have access to a psychiatrist or therapist while they were working. (DE 26, ¶54).

Plaintiff also alleged that if Cognizant had properly notified him of the dangers associated with content moderation as required by Facebook, Plaintiff would not have accepted employment with Cognizant. (DE 26, ¶28). Finally, Plaintiff alleges that on October 17, 2019, he suffered a mental breakdown while working at Cognizant after viewing a video of a Mexican Cartel killing a young boy. (DE 26, ¶ 62). Plaintiff goes on to say that he attempted to see a therapist on that date but that no therapist was available. (DE 26, ¶62).

These allegations show that Cognizant's employees actively lied to Plaintiff about the risk and relative safety of the content moderator position. These lies were intended to create a false sense of comfort in Plaintiff with the work that mislead him to think the job was safe. Plaintiff relied upon the fraudulent misrepresentations about the safety of the job in choosing to begin his employment and then continued

his employment with the belief that the work was indeed safe. It was both the act of taking the job and of staying in the job due to his belief that it was safe, despite what he was being forced to watch, that caused him to suffer harm.

## II. The allegations do not support a defense of ratification as Plaintiff did not learn about the consequence of viewing the horrifying content until the end of his employment with Cognizant.

Ratification is an affirmative defense to fraudulent misrepresentation and should be pled in the Defendant's Answer. *Avila S. Condo. Ass'n, Inc. v. KAPPA Corp.*, 347 So. 2d 599 (Fla 1977). Courts will **not** generally require plaintiffs to negate an affirmative defense in a complaint. *Id.* (emphasis added)*; see also Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 Fed Appx. 972, 976 (11th Cir. 2015). For this reason, the existence of an affirmative defense will not support a motion to dismiss. *Id.* citing *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). A complaint may only be dismissed due to an affirmative defense where the defense appears on the face of the complaint. *Hartman* at 976.

The affirmative defense of ratification occurs where a contract is purportedly induced by fraud, but the defrauded party, after knowledge of the fraud which allegedly induced the contract, continues to perform under the contract, thereby ratifying the contract and precluding one from recovering for the alleged fraud. *Harbaugh v. Greslin*, 2004 U.S. Dist. LEXIS 28598 (S.D.Fla. 2004).

Cognizant cannot prevail on the theory that Plaintiff ratified the fraud in its Motion to Dismiss because the pleadings do not establish ratification and Plaintiff is under no obligation to disprove ratification in his initial pleading. See *Avila S. Condo. Ass'n, Inc.,* 347 So. 2d at 603-604. Cognizant argues in its Motion that Plaintiff ratified the fraud because he chose to continue to work at Cognizant, even after he allegedly knew the falsity of Cognizant's statements regarding the content he would be viewing. (DE 29)[2]. However, Cognizant's argument is meritless because Plaintiff did not learn that he would suffer psychological harm due to viewing the extremely disturbing content until he suffered the mental breakdown on October 17, 2019 and his employment with Cognizant ended. (DE 26, ¶62). After Plaintiff stopped working at Cognizant, he began to suffer and continues to suffer from repetitive nightmares. (DE 26, ¶64). Consequently, Plaintiff sought treatment from a psychiatrist regarding these nightmares and was diagnosed with PTSD. (DE 26, ¶ 64). For these reasons, Plaintiff's allegations show he did not ratify the fraud by continuing to work at Cognizant because Plaintiff did not learn that the work was dangerous and that he could suffer mental health injury as a result of viewing the horrifying content until after his employment had ended. Moreover, Defendant is

[2] Defendant's Ratification argument fails to address Plaintiff's allegations that Defendant expressly misrepresented the safety of the job and that he did not become aware of this misrepresentation until he suffered a mental breakdown on October 17, 2019.

unable to establish that Plaintiff ratified the fraudulent misrepresentation based solely on the allegations of the Second Amended Complaint.

**III. Plaintiff's Second Amended Complaint is pled with the necessary particularity required by Rule 9(b) because it states the who, what, when, where, and how of the circumstances underlying the fraudulent misrepresentations.**

A heightened pleading standard applies to fraud claims, requiring that they be pled with particularity. Fed. R. Civ. P. 9(b). Under Rule 9(b), the "plaintiff must allege: (1) the precise statements, omissions, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)). Since fraudulent misrepresentation is a fraud claim, it must satisfy the heightened pleading standard for fraud claims and be pled with particularity as specified by Rule 9(b). In other words, a plaintiff bringing a fraudulent misrepresentation claim must state the 'who, what, where, when, and how' of the allegedly false statements. *FTC v. Am. Precious Metals, Ltd. Liab. Co.*, LEXIS 206160 (S.D. Fla. 2012).

In instances where fraud is committed by a company a Plaintiff may satisfy the requirements of Rule 9(b) even if he is unable to name the person that made the fraudulent statement. *See De Urdaneta v. Terrbank*, 2009 U.S. Dist. 139236 (S.D.

Fla. 2009) (Plaintiff satisfied Rule 9(b) by stating that a "bank employee" fraudulently mislead Plaintiff in a phone call shortly after they opened their account). The court recognized that there will be times when "the given name of an individual is unknown or forgotten but the person's position within the company is clear. The mere fact that Plaintiffs are unable, at this stage, to provide the given names of the Terrabank representatives with whom they spoke is not a basis to dismiss Count II, as the allegations of fraud are, in every other respect, pled with particularity." *Id*.

Plaintiff identified the who, the what, the where, the when, and the how of Cognizant's fraudulent misrepresentation with sufficient particularity. The "who, when and where" are specified as Plaintiff identifies two Cognizant employees by their position within the company that made misleading statements during his interview and onboarding process. Plaintiff does this by saying he met with a white male employee of Cognizant for his initial interview at the Cognizant Tampa location in July or August 2017. (DE 26, ¶52). Plaintiff also identifies that woman that led his onboarding training at the Cognizant Tampa location as a second person that made false misrepresentations about the nature of the job. (DE 26, ¶54).

Plaintiff satisfies that "what" and "how" of the fraud by saying that the Cognizant Interviewer downplayed the risk of the job both by falsely describing the content Plaintiff would see and by falsely describing support he would have and the relative safety of the position in terms of his mental health. Specifically, Plaintiff

states that the Interviewer "explained that this position was a form of customer service in which he would be removing stuff from the internet." (DE 26, ¶53). Plaintiff said that the Interviewer "explained that Plaintiff would possibly see 'inappropriate' content." *Id.* As an example, the Interviewer showed him "a brief video containing images and short clips of fights or car accidents." *Id.* He told him "he would not see graphic images of the kind in the video more than once a day." *Id.*

More importantly, the allegations show the Interviewer also made false statements to mislead Plaintiff to believe that despite what he may see in videos, the position was safe for his mental health. Specifically, Plaintiff alleges that interviewer told Plaintiff he would have all the support he needed to deal with what he saw and would be provided an onsite therapist to meet with whenever he needed. (DE 26, ¶54). He also said that the Interviewer downplayed the risk and did not mention that there was a high risk of acquiring post-traumatic stress disorder and other psychological conditions from this type of work. (DE 26, ¶55). These statements were critical to Plaintiff accepting the position and in his subsequent decision to stay in the position despite viewing disturbing content. (DE 26, ¶28).

The Court should deny Cognizant's Motion to Dismiss because Plaintiff's Complaint alleges sufficient facts to establish a claim for fraudulent misrepresentation. Plaintiff has alleged that the fraudulent misrepresentations occurred during his interview and onboarding and has described the employees that

made the misleading statements with sufficient specification to identify who they are. In stating that the misleading conversations occurred during his interview and subsequent onboarding he has adequately identified the time of the statements. The fact that he does not know the minute, hour or date of these events is immaterial as he has specifically identified the event in which they occurred with sufficient particularity to notify Cognizant of his claim.

## IV. Plaintiff would ask for leave to Amend his Complaint in the event the Court finds that Plaintiff has failed to plead sufficient facts to support his claim of Fraudulent Misrepresentation

If necessary, Plaintiff can provide more detail relating to the fraudulent misrepresentations Cognizant's employees made during his interview and subsequent onboarding. Plaintiff's Amended Complaint and Second Amended Complaint dealt primarily with adding and then removing Count II (Fraudulent Concealment) and Count III (Deliberate Concealment of a Known Danger). Further amendment would not be futile as Plaintiff's Second Amended Complaint is in fact Plaintiff's first effort to provide specific allegations on his individual Fraudulent Misrepresentation claim.[3]

**WHEREFORE,** Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and issue an Order to that effect. Alternatively,

[3] This is also Plaintiff's Counsel's first effort to state a claim as Plaintiff was represented by different counsel in his initial multi-party suit, *Aguilo*, cited supra.

Plaintiff would ask for an opportunity to amend the Second Amended Complaint to address any perceived deficiencies as several issues have been raised in the Motion to Dismiss that could potentially be addressed by including more specific information.

Dated this 24th day of May, 2024.

Respectfully Submitted by:

/s/ Gary L. Printy, Jr., Esq.
Gary L. Printy, Jr.
Florida Bar No. 41956
**THE PRINTY LAW FIRM**
5407 N Florida Avenue
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of May 2024, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which served a true and correct copy on the parties listed below:

Dennis P. Waggoner – dennis.waggoner@hwhlaw.com
Tori C. Simmons – tori.simmons@hwhlaw.com
Fred C. Marshall, II – kip.marshall@hwhlaw.com

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr.
Florida Bar No. 41956

**THE PRINTY LAW FIRM**
5407 N Florida Avenue
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Attorney for Plaintiff*